# THE LAW OFFICE OF
# BRYAN L. SELLS

June 12, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street NW
Atlanta, Georgia  30303

Re:    *Libertarian Party of Georgia v. Attorney General*, *State of Georgia*, No. 25-12553

Dear Mr. Smith:

I write on behalf of the appellants to advise the Court of supplemental authority under Rule 28(j).

Today, this Court issued a published opinion affirming a preliminary injunction against fundraising by a leadership committee operating under O.C.G.A. § 21-5-34.2—the statute at issue in this appeal. *Jackson v. Jones*, Nos. 26-10854, 26-10886 (11th Cir. June 12, 2026). All three members of the panel agreed that the statute's "discriminatory fundraising limitations" are likely unconstitutional under *Davis v. FEC*. Slip op. 18; Dissent 1 ("its unconstitutionality is plain").

*Jackson* confirms the appellants' standing arguments in three ways.

First, the Court held that a candidate "suffers injury when he is confronted with an uneven electoral playing field" created by the statute's unequal contribution limits. Slip op. 10–11. That is the injury that the appellants and their nominees allege here. Appellants' Br. 29–35; Reply Br. 13–19.

Second, the Court described traceability and redressability as "not a close call," explaining that "redressability is often just the flip side of causation." Slip op. 11. Compare Appellants' Br. 35–39; Reply Br. 26–31.

Third, both opinions confirm that the appellants sued the right defendants. Chief Judge Pryor, who dissented only on state action—an issue not present here—wrote that the "obvious remedy" for a candidate facing unequal contribution limits is an injunction against "the state officials responsible for enforcing the contribution limits": the "members of the State Ethics Commission." Dissent 5. That is this

David J. Smith
June 12, 2026
Page 2 of 2

lawsuit. And the majority's remedial analysis—concluding that Georgia would "preserve the general rule" rather than broaden the exception, Slip op. 30—confirms that any of the injunctions identified in the briefing would redress the appellants' injuries. Appellants' Br. 38–39; Reply Br. 29–31.

The Libertarian Party's categorical exclusion from the leadership-committee scheme recurs every election cycle. *Jackson* removes any doubt about standing and the merits of this challenge.

Sincerely,

Bryan L. Sells
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212
bryan@bryansellslaw.com

cc: counsel of record via CM/ECF