Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

June 17, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street NW
Atlanta, Georgia 30303

**Re:** **Response to Appellants' Notice of Supplemental Authority,** *Libertarian Party of Georgia v. Attorney General, State of Georgia*, **No. 25-12553**

Dear Mr. Smith:

Appellees submit this response to Appellants' Rule 28(j) letter regarding *Jackson v. Jones*, Nos. 26-10854, 26-10886 (11th Cir. June 12, 2026). *Jackson* does not support reversal in this case because Appellants' threshold deficiencies below, including their lack of ripeness and standing, were not at issue in *Jackson* and remain fatal here.

First, *Jackson* involved an actual candidate facing an actual injury. The standing analysis in *Jackson* presupposed an identified candidate running in a contested election against a named opponent with a functioning leadership committee. That is precisely the posture that the district court found dispositive here: cases like *Davis v. FEC*, 554 U.S. 724 (2008), and *Perdue v. Kemp*, 584 F. Supp. 3d 1310 (N.D. Ga. 2022), "involved identified candidates who were actually running in contested elections against named candidates." Doc. 28 at 21. Appellants, by contrast, allege only that they intend to nominate unnamed candidates in future elections who would form leadership committees if the law permitted. That attenuated chain of hypotheticals cannot satisfy Article III regardless of what *Jackson* held on the merits of the challenged statute.

Second, *Jackson* does not cure Appellants' failure to identify any injured member. Appellants cannot establish associational standing without identifying by name or pseudonym a single candidate, donor, or member who has suffered a concrete injury. *See Am. Alliance for Equal Rights v. Fearless Fund Mgmt, LLC*, 103 F.4th 765, 772–73 (11th Cir. 2024). *Jackson* involved no such deficiency and therefore provides no guidance on this issue.

Finally, *Jackson* does not address ripeness. In this case, Appellants never sought a conclusive response from the State Ethics Commission regarding their eligibility for

leadership committees under Regulation 189-8-.01, which entitles qualifying political body nominees to the same leadership committees available to major party nominees. Their claims thus remain unripe for the reasons articulated in Appellees' Brief at pages 8–12.

Ultimately, *Jackson* stands only for the idea that O.C.G.A. § 21-5-34.2 may raise First Amendment concerns when some concrete, identified injury is present. That prerequisite is absent here. Accordingly, this Court should affirm.

Respectfully,

David B. Dove

**TROUTMAN PEPPER LOCKE, LLP**
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000
david.dove@troutman.com

*Counsel for Defendant-Appellees the Attorney General, State of Georgia, and James D. Kreyenbuhl*

cc: Counsel of record via CM/ECF